UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:20-cr-40-Oc-28PRL

CHRISTINA LYNN CATALANO

**UNITED STATES' NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by and through its undersigned Assistant United States Attorney, states as follows:

A. **MAXIMUM PENALTIES**

The defendant has expressed a desire to enter a plea of guilty to the offenses charged in Count One and Two of the Indictment. Count One charges the defendant with disaster assistance fraud, in violation of Title 18, United States Code, Section 1040. Count Two charges the defendant with making a materially false statement to a federal agency, in violation of 18 U.S.C. § 1001(a)(2). Count One carries a maximum sentence of up to 30 years imprisonment, a fine of no more than $250,000, a term of supervised release of up to 5 years, and a special assessment of $100. Count Two carries a maximum sentence of up to 5 years imprisonment, a fine of not more than

$250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

A violation of the terms and conditions of supervised release carries a maximum sentence of up to 3 years of imprisonment, as well as the possibility of an additional term of supervised release.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community. The United States will be seeking restitution in the amount of $18,985.80.

B. **ELEMENTS OF THE OFFENSE**

The elements of an offense in violation of 18 U.S.C. § 1040 are:

<ul>
<li>First: The defendant knowingly made a materially false or fraudulent statement or representation;</li>
<li>Second: the statement or representation was in connection with a benefit;</li>
<li>Third: the benefit was in connection with a major disaster declaration under Title 42 of the United States Code; and</li>
<li>Fourth: the benefit was a record, voucher, payment, money, or thing of value of the United States or the Federal Emergency Management Agency.</li>
</ul>

The elements of an offense in violation of 18 U.S.C. § 1001(a)(2) are:

<u>First</u>: The Defendant made the statement, as charged;

<u>Second</u>: The statement was false;

<u>Third</u>: The falsity concerned a material matter;

<u>Fourth</u>: The Defendant acted willfully, knowing that the statement was false; and

<u>Fifth</u>: The false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

C. **PERSONALIZATION OF ELEMENTS**

<u>COUNT ONE</u>

1. Do you admit that between on or about September 15, 2017, and November 20, 2017, in the Middle District of Florida, you knowingly made a materially false and fraudulent statement, that is, you falsely stated in an application for disaster assistance benefits involving the Federal Emergency Management Agency (FEMA) that your primary residence was a travel trailer located at 2250 East Mars Street, Inverness, Florida 34453?

2. Do you admit that the false statement was in connection with your application for disaster assistance benefits involving Hurricane Irma?

3. Do you acknowledge that the disaster assistance benefits were in connection with a major disaster declaration under Title 42 of the United

States Code?

COUNT TWO

1.  Do you admit that on January 31, 2020, in the Middle District of Florida, in substance, you represented that you lived in a travel trailer that was destroyed by Hurricane Irma?

2.  Do you admit that such statement was false?

3.  Do you admit that such statement concerned a material matter?

4.  Do you admit that you acted willfully, knowing that the statement was false?

5.  Do you admit that the statement was made to an agent of the Department of Homeland Security, Office of Inspector General, in a matter within the jurisdiction of a department of the United States?

D. **FACTUAL BASIS**

On September 10, 2017, President Donald Trump declared a major disaster under Title 42 of the United States Code for all counties in the State of Florida, backdating the declaration to September 4, 2017, due to Hurricane Irma. Subsequently, Citrus County[1] and several other counties in the State of Florida were approved for disaster assistance through the Federal Emergency

---
[1] Citrus County is located within the Middle District of Florida.

Management Agency's (FEMA) Individuals and Households Program (IHP).

Through the IHP, FEMA provided disaster assistance benefits to eligible beneficiaries. One component of disaster assistance benefits was Financial Housing Assistance (FHA). FHA provided a benefit, money, to eligible beneficiaries who lacked the means to meet certain needs including housing-related expenses such as rent and lodging. To be eligible for FHA, an applicant, among other things, had to incur losses in a presidentially declared major disaster area, and the applicant's affected home had to be where the applicant usually lived and where the applicant was living at the time of the disaster, that is, their primary residence.

On September 15, 2017, Christina Lynn Catalano (Mrs. Catalano) made an application for disaster assistance benefits to FEMA. In the application, she claimed her primary residence was 2250 East Mars Street, Inverness (Citrus County), Florida 34453, and that she rented the residence with her husband, Joseph Samuel Catalano. On September 27, 2017, a FEMA inspector visited the residence and determined that it was a two bedroom mobile home that was not damaged from the storm. While at the scene of the residence, Mrs. Catalano indicated that she was withdrawing her application for disaster assistance. FEMA denied the claim that same day.

On November 20, 2017, FEMA received a letter from Mrs. Catalano appealing the decision to deny her claim. In her appeal, Mrs. Catalano falsely claimed that she was living in a separate travel trailer from her husband, which was located on the same property at 2250 East Mars Street, Inverness, Florida 34453. Mrs. Catalano claimed that she lived in this travel trailer as her primary residence since August 2016 and up to and when Hurricane Irma occurred. Due to Hurricane Irma, Mrs. Catalano subsequently claimed that the travel trailer was totally destroyed and that she was displaced from this primary residence and forced to live in a shed with no utilities.

In fact, there was no travel trailer on the property and Mrs. Catalano fabricated the existence of one to defraud FEMA and enrich herself. Based on the statements made by Mrs. Catalano in her appeal for disaster assistance benefits, FEMA concluded that she qualified for assistance. On January 25, 2018, Mrs. Catalano was awarded $4,523.80 in home repair, personal property loss, and rental assistance.

On March 22, 2018, Mrs. Catalano submitted a fraudulent lease for a property located in Clearwater, Florida. In fact, Mrs. Catalano was not the tenant for that lease. Between on or about March 30, 2018, through on or about December 19, 2018, FEMA paid Mrs. Catalano five disbursements for rental assistance totaling $14,462.

Follow up investigation by DHS-OIG determined that, among other things, the photo of the damaged travel trailer claimed by Mrs. Catalano was from an online news story of a trailer damaged in Texas during Hurricane Harvey in 2017. The agency also confirmed that the documents provided by Mrs. Catalano reflecting that the alleged trailer was inspected, found to be unsalvageable, and later destroyed for scrap metal, all were fraudulent.

On January 31, 2020, DHS-OIG agents interviewed Mrs. Catalano at her residence. Mrs. Catalano admitted that she was the person who submitted the application for disaster assistance and also the person who submitted the supporting documents and photo referenced above. After being confronted with evidence showing that her statements were false, she continued to falsely claim that the documents were authentic and that the travel trailer existed and was destroyed by the storm. Mrs. Catalano's false claims were made to conceal her fraud and frustrate the investigation into this matter.

        MARIA CHAPA LOPEZ
        United States Attorney

By:  */s/ Michael P. Felicetta*
      Michael P. Felicetta
      Assistant United States Attorney
      Florida Bar No. 094468
      35 SE 1st Avenue, Suite 300
      Ocala, Florida 34471
      Telephone:  (352) 547-3600
      E-mail:     michael.felicetta@usdoj.gov

U.S. v. Christina Lynn Catalano			Case No. 5:20-cr-40-Oc-28PRL

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Mark Rosenblum, Esquire
>Assistant Federal Public Defender
>
>Michael William Nielsen, Esquire

>							By:	/s/ *Michael P. Felicetta*
>								Michael P. Felicetta
>								Assistant United States Attorney
>								Florida Bar No. 094468
>								35 SE 1st Avenue, Suite 300
>								Ocala, Florida 34471
>								Telephone: (352) 547-3600
>								Facsimile: (352) 547-3623
>								E-mail: michael.felicetta@usdoj.gov